AO 451 (Rev.12/93) Certification of Judgment

# UNITED STATES DISTRICT COURT

__NORTHERN__ DISTRICT OF __ALABAMA__

RECEIVED
2007 AUG -9  P 3: 07

McKESSON CORPORATION,
a Delaware Corporation,
Plaintiff,
V.
DONNA M. PAUL, an individual; and
RHEUMATOLOGY SPECIALISTS OF
CENTRAL ALABAMA, INC., an
Alabama Corporation,
Defendants.

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

2:07-mc-3370-MHT

Case Number:   2:04-cv-210-JHH

I, _____Sharon Harris_____ Clerk of the United States district court certify that the attached judgment is a true and correct copy of the original judgment entered in this action __June 14, 2007__, as it
                                                                                                                                                                              Date
appears in the records of this court, and that

\* No notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

**IN TESTIMONY WHEREOF,** I sign my name and affix the seal of this Court.

_____July 31, 2007_____                              _____Sharon Harris_____
          Date                                                          Clerk

                                                              _____Shirley Brown_____
                                                              (By) Deputy Clerk

\*Insert the appropriate language: …"no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." …"no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." …"an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. …"an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."
(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

SCANNED
FK 8/10/07

Case 2:07-mc-03370-MHT-WC    Document 1    Filed 08/09/2007    Page 2 of 3
Case 2:04-cv-00210-JHH    Document 28    Filed 06/14/2007    Page 1 of 2

FILED
2007 Jun-14 PM 12:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| McKESSON CORPORATION,<br>a Delaware Corporation, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | 2:04-cv-210-JHH |
| | ) | |
| DONNA M. PAUL, an individual;<br>and RHEUMATOLOGY<br>SPECIALISTS OF CENTRAL<br>ALABAMA, INC., an<br>Alabama Corporation, | )<br><br>)<br><br>) | |
| | ) | |
| DEFENDANTS. | | |

## ORDER

Based upon a memorandum of opinion and order (Doc. #12) entered August 23, 2004, the clerk of court issued a certificate of judgment on August 31, 2004 in the amount of $212,438.72 against Donna M. Paul.[1]

The court has before it the motion (Doc. #27) of plaintiff filed June 11, 2007 seeking an order compelling defendant Donna M. Paul to attend a deposition and comply with a *subpoena decus tecum* issued out of this court for the deponent's deposition in Montgomery, Alabama, which is in the United States District Court for the Middle District of Alabama (Middle District Court). The notice of deposition which is the subject of the pending motion was issued out of

---

[1] An order and conditional judgment (Doc. #23) was entered March 26, 2007, against Donna M. Paul, M.D., Inc., as garnishee, for $219,538.28. A certificate of this judgment was issued by the clerk of court on April 30, 2007.

this court and signed by Charles N. Parnell, III, an attorney in Montgomery, Alabama, who is admitted to practice in this court (and presumable the Middle District Court). The deposition is noticed to take place at 641 South Lawrence Street, Montgomery, Alabama, which, although within 100 miles from this court, is physically located in the territorial jurisdiction of the Middle District Court. This court, therefore, does not have jurisdiction to rule on the pending motion. The pending motion (Doc. #27) is **DENIED**.

Counsel for plaintiff has two alternatives to resolve his dilemma: (1) begin the process again by filing the certificate of judgment in the Middle District Court and then executing the identical *subpoena decus tecum* but the court out of which issued should be reflected as the Middle District Court rather than this court; or, (2) obtain from this court a certificate of registration of judgment in another court and file such certificate in the Middle District Court. Utilizing the first alternative, failure of judgment debtor to comply can be enforced out of the Middle District Court. Utilizing the second alternative, failure of judgment debtor to comply can be enforced either in the Middle District Court or the Circuit Court of Montgomery County, Alabama.

**DONE** this the ___14th___ day of June, 2007.

A TRUE COPY
SHARON N. HARRIS, CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
BY: *Shirley Brown*
DEPUTY CLERK

_____
SENIOR UNITED STATES DISTRICT JUDGE